**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

TAMARA BARRUS,
*on behalf of herself and all other employees similarly*
*situated,*

*Plaintiffs,*

v.

DICK'S SPORTING GOODS, INC., AND
GALYAN'S TRADING COMPANY, INC.,

*Defendants.*

**CLASS ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

**Civil Action**

No. _____

## NATURE OF CLAIM

1.     This is a proceeding for declaratory relief and monetary damages to redress the
deprivation of rights secured to plaintiff, Tamara Barrus ("Named Plaintiff") individually, as
well as all other employees similarly situated, under the Fair Labor Standards Act of 1938, as
amended, 29 U.S.C. § 201 *et seq.* ("FLSA"); under the New York Labor Law; and under the
laws of the various States in which defendants do business; for failure to pay promised wages
and other violations to Tamara Barrus, as well as all other employees similarly situated.

## JURISDICTION AND VENUE

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28
U.S.C. §1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action
to recover damages or to secure equitable relief under any Act of Congress providing for the
protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action
arising under any Act of Congress regulating interstate commerce; and under the Declaratory

Judgment Statute, 28 U.S.C. § 2201.

3.     This Court's supplementary jurisdiction of claims arising under New York State Labor Law is also invoked.

4.     Venue is appropriate in the Western District of New York since the allegations arose in this district and the plaintiffs reside in this district.

## CLASS ACTION ALLEGATIONS

5.     The claims arising under New York State Labor Law are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

6.     The class action is maintainable under subsections (1), (2) and (3) of Rule 23(b).

7.     The class size is believed to be over 50 employees.

8.     The Named Plaintiff will adequately represent the interests of the class members because she is similarly situated to the class members and her claims are typical of, and concurrent to, the claims of the other class members.

9.     There are no known conflicts of interest between the Named Plaintiff and the other class members.

10.     The class counsel, Dolin, Thomas & Solomon LLP, is qualified and able to litigate the class members' claims.

11.     The class counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

12.     Common questions of law and fact predominate in this action because the claims of all class members are based on whether the defendants' practice of not paying

- 2 -

nonexempt employees for all hours worked and/or statutory overtime for hours worked over 40 per week violates New York State Labor Law.

13.     The class action is maintainable under subsections (2) and (3) of Rule 23(b) because the plaintiffs seek injunctive relief, common questions of law and fact predominate among the class members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## PARTIES

### A.    Defendants

14.     Defendant Dick's Sporting Goods, Inc. and Galyan's Trading Company, Inc., (collectively referred hereinafter as "defendants") are joint employers.

15.     Upon information and belief, the defendants employ or employed the named plaintiff and putative class members in this action.

16.     The defendants are an enterprise engaged in the operation of clothing and sporting goods stores.

### B.    Plaintiffs

#### *Named Plaintiffs*

17.     Named Plaintiff Tamara Barrus is a resident of the State of New York, residing at 247 Evergreen Road, Brockport, New York 14420.

18.     At all relevant times, Named Plaintiff was an employee under the FLSA and the New York Labor Law.

#### *Class Members*

19.     The Class Members are those employees of defendants who were suffered or permitted to work by defendants and not paid their regular or statutorily required rate of pay

for all hours worked.

20.     Specifically, the Class Members are those individuals who

    a.     were suffered or permitted to work by the defendants in the past six years;

    b.     were subject to the defendants' payroll policy, practice and/or system that, by default, deducted certain "non-compensable" break time ("Break Deduction Policy") from the compensable time used to calculate the individuals' pay;

    c.     performed work and were entitled to compensation during the unpaid "break period"; and

    d.     did not receive their full compensation because of the Break Deduction Policy.

## FACTUAL BACKGROUND

21.     The defendants' Break Deduction Policy is a payroll policy, practice and/or system which, by default, makes deductions from Class Members' compensable time for "non-working" break periods.

22.     However, individuals often work through their breaks or are interrupted during their breaks so that they do not take the full time allowed for the break and deducted in accordance with the Break Deduction Policy.

23.     Named Plaintiff was subject to the Break Deduction Policy.

24.     Named Plaintiff worked through her breaks.

25.     Nevertheless, by operation of the Break Deduction Policy, Named Plaintiff's compensable time was impermissibly reduced under the Break Deduction Policy.

26.     All class members are subject to the Break Deduction Policy and are not fully compensated for work they perform during breaks.

27.     If plaintiffs' hours had been properly calculated, the time spent working

through the breaks would have resulted in the plaintiffs qualifying for overtime compensation.

28.     Among the relief sought, plaintiffs seek injunctive relief to prevent the defendants from continuing the illegal policy and practice perpetuated pursuant to the Break Deduction Policy.

## FIRST CAUSE OF ACTION
### *FLSA*

29.     Plaintiffs reallege the above paragraphs as if fully restated herein.

30.     Defendants willfully violated their obligations under the FLSA and are liable to plaintiffs.

## SECOND CAUSE OF ACTION
### *New York Labor Law*

31.     Plaintiffs reallege the above paragraphs as if fully restated herein.

32.     Defendants willfully violated their obligations under the New York Labor Law and are liable to plaintiffs.

**WHEREFORE**, plaintiffs demand judgment against defendants in their favor and that they be given the following relief:

(a)     an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations;

(b)     an award of the value of plaintiffs' unpaid wages, including fringe benefits;

(c)     liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not properly paid to plaintiffs;

(d)     an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating plaintiffs' rights;

(e)     an award of pre- and post-judgment interest; and

- 5 -

H:\Dick's - Galyans\Complaint (Dick's & Galyans).doc

(f)     such other and further legal or equitable relief as  this Court deems to be just
        and appropriate.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact.

Dated: May 17, 2005

                                        **DOLIN, THOMAS & SOLOMON LLP**

                              By:     _____
                                        Patrick J. Solomon, Esq.
                                        Michael J. Lingle, Esq.
                                        Graig F. Zappia, Esq.
                                        *Attorneys for Plaintiffs*
                                        693 East Avenue
                                        Rochester, New York 14607
                                        Telephone:  (585) 272-0540
                                        psolomon@theemploymentattorneys.com
                                        mlingle@theemploymentattorneys.com
                                        gzappia@theemploymentattorneys.com

H:\Dick's - Galyans\Complaint (Dick's & Galyans).doc