UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TAMARA BARRUS, et al.,
on behalf of themselves and all other
employees similarly situated,

                         Plaintiffs,

                      v.

DICK'S SPORTING GOODS, INC.,
GALYAN'S TRADING COMPANY, INC., EDWARD
STACK, KATHRYN SUTTER, WILLIAM
COLOMBO, JAY CROSSON, AND LYNN URAM,

                         Defendants.

---

No. 05-CV-6253-CJS-JWF

**ORDER**

       WHEREAS, on December 23, 2009, Defendants Dick's Sporting Goods, Inc. and Galyan's Trading Company, Inc. filed a motion seeking, among other things, an order denying class certification of Plaintiffs' state law claims and striking Plaintiffs' state law class allegations (the "Motion To Deny Certification");

       WHEREAS, the Motion To Deny Certification is fully briefed and a hearing will be held on such motion before District Judge Siragusa on July 8, 2010;

       WHEREAS, on April 8, 2010, Plaintiffs moved for an order extending their deadline to move for class certification of their state law claims, with the exception of their New York Labor Law claims, until such time as set by the Court as part of an overall case management plan;

       IT IS HEREBY ORDERED

       1.     Should the Court grant the pending Motion To Deny Certification and thereby deny certification of Plaintiffs' state law claims, the issue of class certification of Plaintiffs' state law claims shall be deemed moot and there shall be no need for an extension;

2. Should the Court deny the pending Motion To Deny Certification, the parties shall (i) meet and confer, within 14 days after the denial of such motion, for the purpose of discussing a discovery and briefing schedule on the issue of certification of Plaintiffs' state law claims, with the exception of their New York Labor Law claims, and (ii) file a proposed scheduling order within 14 days after conferring;

3. Should the Court deny the pending Motion To Deny Certification, the Court will, at a future scheduling conference in this case, set a date upon which Plaintiffs must seek certification pursuant to Rule 23 concerning their claims other than those pursuant to the New York Labor Law.

IT IS SO ORDERED.

DATED: 4/28/10

_____
Hon. Jonathan W. Feldman
United States Magistrate Judge