UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| TAMARA BARRUS, et al., on behalf of themselves and all other employees similarly situated,<br><br>　　　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>DICK'S SPORTING GOODS, INC., GALYAN'S TRADING COMPANY, INC., EDWARD STACK, KATHRYN SUTTER, WILLIAM COLOMBO, JAY CROSSON, AND LYNN URAM,<br><br>　　　　　　　　　　　　　　Defendants. | ORDER CONFIRMING CERTIFICATION OF CLASS/COLLECTIVE ACTION, GRANTING FINAL APPROVAL TO SETTLEMENT, GRANTING CLASS COUNSELS' MOTION FOR ATTORNEYS' FEES AND GRANTING PLAINTIFFS' & OPT-INS' MOTION FOR SERVICE PAYMENTS<br><br>05-CV-6253-CJS-JWF |

---

**Siragusa, J.** On January 28, 2011, the parties to this Fair Labor Standards Act ("FLSA") class action entered into a Global Settlement Agreement ("Settlement Agreement"), and on the same day they filed a joint motion (Doc. No. 383) for preliminary approval of that agreement and the terms thereof. On February 3, 2011, this Court granted (Doc. No. 388) preliminary approval to the Settlement Agreement, conditionally certified the FLSA Class, and provisionally certified the Subclasses under Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). This Court subsequently directed that notice of the Settlement Agreement, its terms, and the applicable procedures and schedules be provided to proposed members of the FLSA Class and to the Subclasses. All Opt-Ins and absent Subclass Members were given an opportunity to object to the settlement and/or opt out of it.

On May 26, 2011, the parties jointly filed a Motion for Order Confirming Certification of the Subclasses and FLSA Class and Granting Final Approval of the Settlement ("Final Approval Motion") (Doc. No. 389). This Court held a hearing on that motion on June 1,

2011. (Transcript, Doc. No. 405.) On May 26, 2011, Class Counsel filed a Motion for an Award of Attorneys Fees and Reimbursement of Costs (Doc. No. 394). Also on May 26, 2011, Plaintiffs and Opt-Ins filed a separate Motion for Award of Service Payments (Doc. No. 399). Defendants did not oppose either motion, which the Parties agree are to be considered by the Court separately from the Final Approval Motion.

This Court held a hearing on Plaintiffs' and Class Counsel's separate motions on June 1, 2011. At the Fairness Hearing appeared Patrick J. Solomon, Esq., Peter John Glennon, Esq., of Thomas & Solomon, LLP, appearing on behalf of Plaintiffs, and Matthew W. Lampe, Esq., of Jones Day, and Daniel J. Moore, Esq., of Harris Beach LLP, appearing on behalf of Defendants. The Court noted that not one objection was received from the 187,000 notices sent out to potential class members. The Court discussed the motion for attorney's fees with class counsel, who explained that counsel engaged in 80 depositions around the United States and hired outside counsel to commence 22 individual state law class actions during six years of litigation. The Court also reviewed the payments for Russ Consulting and the service payments. Per the Court's directive at the Fairness Hearing, class counsel provided additional details *in camera* concerning the attorney's fees and service payments. The Court received those details on June 10, 2011, via email, and has reviewed them *in camera*. Following its review, the Court is satisfied that amounts are fair.

NOW, upon consideration of the Settlement Agreement, the Final Approval Motion, as well as the Parties' briefs, declarations, and oral arguments in support of that motion, and the proceedings in this action to date, as well as the Court's *in camera* review of detailed documentation on the question of attorneys' fees and service payments, IT IS HEREBY ORDERED:

    1. Except as otherwise specified herein, the Court for purposes of this Order adopts

all defined terms set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.

3. This Court confirms as final its provisional certification under Fed. R. Civ. P. 23(a) and (b)(3) of the Subclasses for purposes of settlement and based on the findings in Sections III of the Court's February 3, 2011 Order (Doc. No. 388, at 10). The Subclasses raise the state law class claims identified in the Third Amended Complaint.

4. The Court confirms as final the appointment of the following as the class representatives of the FLSA Class and the Subclasses:

FLSA Class: Plaintiffs

Alabama Subclass: Nikita Thomas, Terri Jackson, Rolanzo Doxie

Arizona Subclass: Shawn Lamberty

Colorado Subclass: Thomas Mullaney, Jared Jones, Vanessa Seelaus

Connecticut Subclass: Eric Strid, Kevin Ward

Delaware Subclass: Jamie Alfonsi, Kelly Quirk

Florida Subclass: Kyle Kennedy, Patrick McAlee

Georgia Subclass: Daniel Kennedy, Melvin Grannum

Illinois Subclass: Jennifer Gleason, Kevin Bujak, Elesha Williams, Thad Olson, Eric Schmidt

Indiana Subclass: Michael Chatterton, Nicole Jones

Iowa Subclass: Tyler Muilenberg, Gabriel Hodge

Kansas Subclass: Anthony Boyer, Robert Walker

Kentucky Subclass: Degeorgio Cosby, Summer Guthrie

Maine Subclass: Nickole Gagne

Maryland Subclass: Anthony Dunston II, Tomasa Rainey, Crystal Hunsicker

Massachusetts Subclass: Raymond Lenahan, Heather Skutnik, Matthew Bencal

Michigan Subclass: Sean Kirt

Minnesota Subclass: Daniel Lorenz, Adam Estrem

Missouri Subclass: Jason Mensinger, Kathleen Birkenmeier

Nebraska Subclass: Dannette Stackhouse, Karie Bradley

Nevada Subclass: Frederick McDonald, Christian Broadway

New Hampshire Subclass: Eric Johnston

New Jersey Subclass: Simone McAdams, George Tiesmeyer, Sean Mirek

New York Subclass: Tamara Barrus, Carolyn Caulkins, Michael D'Agostino, Jeffrey Little

North Carolina Subclass: Joseph Day, Linda Brantley, Benjamin Rivenbark, Bradley Mullis

Ohio Subclass: Jennifer Fulwider, Justin Price, Lee Liguore, Tim Bevins, Brian Jones

Oregon Subclass: Jesse Liebman

Pennsylvania Subclass: Jacob Roberts, Jared Pentz, Greg Pavlick, John Behmke, Matthew Couch, Elizabeth Rhodes

Rhode Island Subclass: Sean Rowe

South Carolina Subclass: James Morgan, Stephen Harry

Tennessee Subclass: Jerry Hackler

Texas Subclass: Alexander Cheng, Sandra Cornish

Utah Subclass: Randy Alleman

Vermont Subclass: John Brown

Virginia Subclass: Edward Wlazlowski, Phillip Clark

West Virginia Subclass: Justin Jenkins

Wisconsin Subclass: Kelley Clark, Luis Madrigal

The Court likewise confirms as final the appointment of Patrick J. Solomon, J. Nelson Thomas, and Peter J. Glennon of Thomas & Solomon LLP as Class Counsel for the Subclasses and the FLSA Class.

5. The Court confirms as final its conditional designation of the FLSA Class as an FLSA collective action pursuant to 29 U.S.C. § 216(b), for purposes of settlement. The Court finds that certain individuals (including Plaintiffs) have opted in to this FLSA Class, and that these individuals are similarly situated for purposes of settlement, and the Court therefore certifies the FLSA Class as a collective action. The FLSA Class raises the FLSA class claims asserted in the Third Amended Complaint.

6. If, for any reason, this Order and the final judgment entered concurrently herewith do not become Final, this Order, including the certification of the Subclasses under Rule 23 and the grant of final certification of the FLSA Class under 29 U.S.C. § 216(b), shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement or any other papers filed with this Court in connection with the settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

7. The Subclass Member Documents and Opt-In Documents (as defined in the Settlement Agreement) given, respectively, to the Subclass Members and Opt-Ins, pursuant to this Court's February 3, 2011, Order (Doc. No. 388), constituted the best notice

practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution and any other applicable law.

8. This Court grants final approval to the Settlement Agreement and the settlement set forth therein. The Court finds that the settlement is fair, reasonable, and adequate in all respects and that it is binding on Plaintiffs and all Opt-Ins and Subclass Members who did not timely opt out pursuant to the procedures set forth in this Court's February 3, 2011, Order (Doc. No. 388), and the Settlement Agreement. A list of Opt-Ins and Subclass Members who timely opted out is attached to the Final Judgment as Exhibit A. The Court specifically finds that the settlement is rationally related to the strength of the claims in this case given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Settlement Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the Plaintiffs and Defendants, after thorough factual and legal investigation.

9. The Court finds the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which Settlement Payments are to be calculated and made to Plaintiffs and Class Members filing timely claims are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedure set forth in the Settlement Agreement. The Court finds that the reserve set aside for the costs of settlement administration in the amount of $481,692.90 is reasonable and is approved.

10. One person who filed an opt-in statement to join the action, Charles Johnson, does not fall within the definition of the FLSA Class or any of the Subclasses. His claims

are dismissed without prejudice.

11. One person who was listed as a "Plaintiff Or Opt-In Who Submitted An Affidavit" in Exhibit L to the Settlement Agreement, Jamie Foehner, is neither a Plaintiff nor an Opt-In and does not otherwise fall within the definition of the FLSA Class or any of the Subclasses. As a result, Foehner's claims, to the extent they were asserted in this action, are dismissed without prejudice and Foehner is not entitled to a service payment or any other benefit of the Settlement Agreement.

12. By operation of the entry of this Order, all claims described in Section 4 of the Settlement Agreement, and in the Claim Form and Individual Release executed by certain members of the Subclasses and the FLSA Class, are fully, finally and forever released, relinquished and discharged. The Court has reviewed the documents referenced above and finds all of these releases to be fair, reasonable, and enforceable under the FLSA and Fed. R. Civ. P. 23 and all other applicable law.

13. The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. The Corporate Defendants and Individual Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs, Opt-Ins and the other Class Members, individually or collectively, liability being expressly denied by the Corporate Defendants and Individual Defendants.

14. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Settlement Agreement.

FURTHERMORE, IT IS HEREBY ORDERED, upon consideration of Class Counsel's Motion for An Award of Attorneys' Fees and Reimbursement of Costs (Doc. No. 394), as well as Class Counsel's brief, declarations, and oral argument in support of that motion, as follows:

15. An award of attorneys' fees equal to 33⅓% of the Settlement Amount, or $5,000,000, plus reimbursement of reasonable litigation costs in the amount of $806,176.06, is approved. Such award is reasonable in light of the effort expended and risks undertaken by Class Counsel, and the results of such efforts including the ultimate recovery obtained.

16. This fee award shall supersede and extinguish any prior agreement between Class Counsel and any Plaintiff and/or other Class Member concerning attorneys' fees and costs associated with the Litigation and/or State Actions, and it shall be the full, final, and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of the FLSA Class, the Subclasses, and, to the extent applicable, any of their members in connection with the Litigation and the State Actions.

FINALLY, IT IS HEREBY ORDERED, upon consideration of Plaintiffs' and the Opt-Ins' Motion for An Award of Service Payments (Doc. No. 399), as well as their brief, declarations, and oral argument in support of that motion, as follows:

17. Service payment are approved as follows:

For Barrus, Caulkins, Little and D'Agostino, the original named plaintiffs in the Litigation, $20,000.00 each;

For Plaintiffs and/or Opt-Ins who were deposed in this action, $5,000.00 each;

For Plaintiffs and/or Opt-Ins who submitted an affidavit in connection with this action, $2,500.00 each;

For Plaintiffs who served as named plaintiffs in the State Actions, $1,000.00 each;

For each Opt-In, $100.00 each.

Together, such service payments represent 6% of the Settlement Amount and are in addition to the amounts Plaintiffs and Opt-Ins will otherwise receive as their share of the

recovery. Moreover, such additional amounts are cumulative to the extent any Plaintiff or Opt-In qualifies for more than one service payment. Such service payment is to compensate certain Plaintiffs and Opt-Ins for the personal risks borne in bringing the litigation and for the time and effort expended in assisting in the prosecution of the litigation and the ultimate recovery.

    IT IS SO ORDERED.

                Enter:

July 29, 2011  
Rochester, New York          /s/ Charles J. Siragusa  
                                       CHARLES J. SIRAGUSA  
                                       UNITED STATES DISTRICT JUDGE